IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>vs.<br><br>TYRONE TRAMMER<br><br>　　　　　Defendant. | No.9:17-CR-00033-2-RC |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MOTION TO APPOINT COUNSEL**

　　　　Pending is Defendant's *Motion for Compassionate Release from Custody and Motion to Appoint Counsel*. (Doc. No. 142.) This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59. The Government has not filed a response. Having considered the pending motion, the record, and the applicable law, the undersigned recommends denying Defendant's motion.

**I. BACKGROUND**

　　　　On March 23, 2018, Tyrone Trammer, the Defendant, pleaded guilty to Count One of the Indictment, Possession with Intent to Distribute a Controlled Substance, namely Oxycodone, in violation of 21 U.S.C. § 841(a)(1). On August 2, 2018, Trammer was sentenced to 60 months' imprisonment, followed by 5 years' supervised release. In the instant motion, Trammer seeks compassionate release from prison in order care for his ill mother.

1

## II.  ANALYSIS AND RECOMMENDATION

On December 21, 2018, the President signed the First Step Act of 2018 into law.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release.  *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release.").  The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D.

2

Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

Trammer must initially petition the BOP and, subsequently, fully exhaust his administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c). In the instant motion, Trammer has not indicated whether he has exhausted his administrative remedies by addressing the relief he seeks with the warden at the correctional facility where he is imprisoned. As such, the court is without authority to waive the full exhaustion of his administrative remedies. *United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *2 (W.D. La. Apr. 20, 2020) ("Section 3852(c)(1)(A) does not provide [the court] with the equitable authority to excuse [the defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period.").

In addition, an applicant for compassionate release must show extraordinary and compelling reasons exist to warrant his release. In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older with a serious health condition and has served at least ten years or 75 percent of his term of imprisonment; (iii) the defendant's family

has specified needs for a caregiver for a minor child or incapacitated spouse; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See United States v. Latham*, No. 6:18-CR-16-4, 2020 WL 4192920, at *2 (S.D. Tex. July 20, 2020). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, No. H-11-803-1, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Unfortunately, Trammer has not raised any grounds that would qualify as extraordinary and compelling reasons to warrant his release. He states in his motion that he seeks release to care for his elderly mother who is suffering from lung cancer. (Doc. No. 142.) Caring for a sick mother, however, is not a qualifying "family circumstance" under U.S.S.G. § 1B1.13. *See Latham*, 2020 WL 4192920, at *3.

Moreover, as stated above, there also must be a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Trammer's criminal history weighs against a finding of release. Trammer has prior convictions for: carrying a weapon, failure to identify, possession of a controlled substance while exhibiting a deadly weapon, possession with intent to deliver a controlled substance (cocaine), attempted

forgery of a government instrument, driving while license invalid, theft, and unauthorized use of a vehicle. (Doc. No. 117.) In addition, he has a history of evading detention, as well as non-compliance while on probation resulting in confinement then reinstatement and ultimately a revocation. (*Id.*) Thus, the undersigned cannot conclude that Trammer would not pose a danger to the safety of any other person or the community, if released.

Consequently, Trammer has failed to meet the requisite standard for compassionate release. It is therefore the recommendation of the undersigned that the Defendant's *Motion for Compassionate Release* be DENIED. Trammer also requested appointment of legal counsel to argue for his release. As discussed above, his case lacks merit for several reasons, and the undersigned is aware of no authority requiring the appointment of legal counsel in these circumstances. Therefore, that request should also be DENIED.

### III.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy

5

of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of September, 2020.

_____
Zack Hawthorn
United States Magistrate Judge